**MODIFY and AFFIRM; and Opinion Filed October 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00081-CR
No. 05-15-00126-CR

**DEJUAN GEIL HOLLIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-51945-U, F13-52021-U**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Fillmore and Stoddart
Opinion by Justice Fillmore

DeJuan Geil Hollis pleaded nolo contendere to aggravated sexual assault of a child (cause

no. 05-15-00081-CR) and indecency with a child (cause no. 05-15-00126-CR). *See* TEX. PENAL

CODE ANN. §§ 21.11(a), 22.021(a)(1)(B) (West 2011 & Supp. 2014). The trial court sentenced

Hollis to five years' imprisonment on the aggravated sexual assault of a child offense. In the

indecency with a child case, the trial court deferred adjudicating Hollis's guilt and placed him on

ten years' community supervision. On appeal, Hollis's attorney filed a brief in which she

concludes the appeals are wholly frivolous and without merit. The brief meets the requirements

of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the

record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573

S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to Hollis. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Hollis filed a pro se response raising several issues. After reviewing counsel's brief, Hollis's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeals.

Although not arguable issues, we note that both the judgment in cause no. 05-15-00081-CR and the order deferring adjudication of guilt in cause no. 05-15-00126-CR incorrectly reflect there was a plea agreement as to punishment, when, in fact, Hollis entered pleas of nolo contendere with no agreement as to punishment. Accordingly, we modify the sections of the judgment of conviction and the order deferring adjudication of guilt entitled "terms of plea bargain" to state "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment and the order of deferred adjudication.

/Robert M. Fillmore/
_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150081F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEJUAN GEIL HOLLIS, Appellant

No. 05-15-00081-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-51945-U).
Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Stoddart participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 2, 2015.

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEJUAN GEIL HOLLIS, Appellant

No. 05-15-00126-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the  291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-52021-U).
Opinion delivered by Justice Fillmore,
Chief Justice Wright and Justice Stoddart
participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's order of deferred adjudication.

Judgment entered October 2, 2015.